IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,           )
                                    )
                Plaintiff,          )         4:08 CR 3037
                                    )
        v.                          )
                                    )
                                    )   REPORT, RECOMMENDATION,
FRANK N. JUVIEL and                 )
JOSE LUIS RODRIGUEZ,                )          AND ORDER
                                    )
                Defendants.         )
```

Defendant Juviel has filed two motions in this case. The first, [filing 41](), is a motion to suppress evidence. The second, [filing 42](), is a motion to sever. No evidence has been filed regarding either motion, but defendant has requested hearings on both. Both motions are addressed herein.

MOTION TO SUPPRESS

The motion to suppress alleges that the arrest and indictment of the defendant is not supported by probable cause, and therefore requests that "the court suppress any evidence relating to the investigation and seizure of the defendant." Filing 41. The motion is conclusory, and does not allege any particular acts or omissions on the part of law enforcement which are said to violate the defendant's rights. As such, the motion challenges the sufficiency of the evidence behind the defendant's arrest, that is, the sufficiency of the evidence presented to the grand jury supporting its finding of probable cause and return of the indictment, which, in turn caused the issuance of the warrant for defendant's arrest.

"It has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." United States v. Nelson, 165 F.3d 1180 1183 (8th Cir. 1999), citing Costello v. United States, 350 U.S. 359, 363-64; United States v. Cady, 567 F.2d 771, 776 (8th Cir. 1977). "An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits.  The Fifth Amendment requires nothing more." Costello, 350 U.S. at 409.  There being no specific challenge to the grand jury proceedings or the sufficiency of the indictment, the grand jury's finding of probable cause cannot be assailed.  The defendant's opportunity to challenge the sufficiency of the government's evidence will come at the trial, and specifically at the close of the government's case in chief.

To the extent the defendant's motion seeks suppression of evidence obtained in connection with the defendant's arrest, as pointed out by the government, there is no allegation of any violation of defendant's constitutional or other rights that would support suppression.  The government has stated it does not intend to offer at trial the only piece of evidence obtained from a post-arrest search of defendant's place of business and is not aware of any post-arrest statements by the defendant.  Thus, there appears to be nothing to suppress.  This motion should be denied.

MOTION TO SEVER

Defendant's motion to sever is also without merit.

> Where multiple defendants are charged in the
> same indictment, there is a preference for a
> joint trial unless the party moving to sever

2

>can show that the benefits are outweighed by a clear likelihood of prejudice. Zafiro v. United States, 506 U.S. 534, 537 (1993); United States v. Frazier, 280 F.3d 835, 844 (8th Cir. 2002). Such a likelihood may be demonstrated by showing either that the jury cannot be expected to compartmentalize the evidence with respect to different defendants due to a "prejudicial spillover effect" between the cases against them, United States v. Lueth, 807 F.2d 719, 731 (8th Cir. 1986), or that one defendant's defense conflicts with that of another and that the jury is likely to infer from this conflict alone that both are guilty. United States v. Ortiz, 315 F.3d 873, 898 (8th Cir. 2002). Merely showing that a separate trial would increase the likelihood of acquittal is not sufficient. United States v. Gravatt, 280 F.3d 1189, 1191 (8th Cir. 2002).

United States v. Boone, 437 F.3d 829, 837 (8th Cir. 2006). Defendant has not shown or even argued any basis on which to conclude that he would likely be prejudiced by a joint trial with the codefendant. Defendant's arguments are conclusory and to the effect only that there is a *possibility* that some prejudice might result from a joint trial, but there is nothing specific to this case which is proffered as support for even that possibility. Certainly the defendant has shown no *likelihood* of any such prejudice.

IT THEREFORE HEREBY IS RECOMMENDED to the Hon. Warren K. Urbom, United States Senior District Judge, that defendant Juviel's motion to suppress, filing 41, be denied in all respects.

The parties are notified that the failure to file an objection to this recommendation in accordance with the local rules may result in waiver of appeal of the adoption of this recommendation.

3

FURTHER, IT HEREBY IS ORDERED:

1. Defendant Juviel's motion to sever, filing 42, is denied.

2. Trial of this matter as to both defendants remains scheduled for October 14, 2008.

DATED August 8, 2008.

BY THE COURT:

s/ *David L. Piester*
United States Magistrate Judge